IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEON CONELIUS JUPITER, #306860, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-1037-WHA |
| | ) [WO] |
| JUDGE TUMAN M. HOBBS, and | ) |
| DISTRICT ATTY. DARYL BAILEY, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Keon Conelius Jupiter, an indigent state inmate currently serving a three-year sentence for second degree rape imposed upon him by the Circuit Court of Montgomery County, Alabama.[1]  In this complaint, Jupiter presents claims challenging the constitutionality of his conviction. Doc. 1 at 2–3.  Specifically, Jupiter alleges that his Montgomery County conviction for second degree rape subjects him to double jeopardy because he was previously convicted of second degree rape in Elmore County. Doc. 1 at 3.  Jupiter names as defendants Truman M. Hobbs, the judge who presided over his criminal proceedings before the Montgomery County Circuit Court, and Daryl Bailey, the District Attorney for

---

[1] The case action summary sheet for Jupiter's second degree rape conviction maintained by the Alabama Trial Court System and hosted at www.alacourt.com contains detailed information relevant to the instant case.  The court takes judicial notice of this case action summary.  *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014).

Montgomery County.  Jupiter seeks release from his incarceration and monetary damages for the alleged violation of his constitutional rights. Doc. 1 at 4.

Upon thorough review of the complaint, the court concludes that this case is due to be summarily dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II.  DISCUSSION

### A.  Judge Truman M. Hobbs

Jupiter entered a guilty plea to second degree rape on October 18, 2017 before the Circuit Court of Montgomery County, Alabama, a proceeding over which Judge Hobbs presided.  Construing the complaint liberally, Jupiter alleges the Judge Hobbs violated his constitutional rights during the criminal proceedings that resulted in his conviction for second degree rape. Doc. 1 at 2–3.  The claims against Judge Hobbs entitle Jupiter to no relief in this cause of action.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted).  "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Florida*, 458 F. App'x 841, 843 (11th Cir. 2012).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his

---

[2] This court granted Jupiter leave to proceed *in forma pauperis* in this cause of action. *See* Doc. 3.  A prisoner granted *in forma pauperis* status must have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice"); *Allen*, 458 F. App'x at 843 (same). "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted). "This immunity applies to proceedings [brought] under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

Judge Hobbs is absolutely immune from civil liability for any actions taken in his judicial capacity during state-court proceedings over which he presided pursuant to the authority granted him by state law. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that, because a judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity"); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority). Consequently, Jupiter's claims against Judge Hobbs are "based on an indisputably meritless legal theory" and are therefore subject to dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

**B.      District Attorney Daryl Bailey**

Similarly, "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (holding

3

that a "prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate"). In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is absolute." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (internal quotation marks omitted); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (holding that "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties"); *Rowe v. Ft. Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (holding that "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government"). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to prosecutors for their conduct in "initiating a prosecution and in presenting the State's case . . . [when] that conduct is intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citation omitted).

To the extent Jupiter seeks relief from the District Attorney for actions undertaken during the proceedings related to his second degree rape conviction, it is clear that these actions occurred while Bailey engaged in activities intimately associated with the judicial phase of the criminal process. This is conduct for which Bailey is entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Jupiter's claims against District Attorney Daryl Bailey are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). In addition, Jupiter is entitled to no declaratory or injunctive relief against defendant Bailey for any alleged adverse action related to the

conviction and sentence imposed upon him by the Circuit Court of Montgomery County, Alabama.

C.    **The Challenge to Plaintiff's Conviction and Sentence**

Insofar as Jupiter presents a claim which goes to the fundamental legality of his second degree rape conviction and the resulting sentence on which he is now incarcerated, he is entitled to no relief on this claim. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and therefore complaints bringing these claims must be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983"). The rule of *Heck* is not limited to a request for damages, but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Id*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48).

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though

such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (holding that the "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus); *Okoro*, 324 F.3d at 490 (holding that *Heck* directs that a state inmate "making a collateral attack on [the basis for his incarceration] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute"). Moreover, an inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Ind. Dept. of Corrs.*, 75 F.3d 330, 331 (7th Cir. 1996) (holding that under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge"); *Cook v. Baker*, 139 F. App'x 167, 169 (11th Cir. 2005) (advising that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649; *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (noting that "the Supreme Court [previously] reviewed its prior holdings in this area and summarized that a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration") (citing *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005)) (internal quotation marks omitted).

Under the circumstances of this case, *Heck* and its progeny bar Jupiter's use of any federal civil action other than a petition for habeas corpus relief under 28 U.S.C. § 2254 to mount a collateral attack on the validity of his conviction and sentence. *Heck*, 512 U.S. at 489. Specifically, the Supreme Court did "not [did] not engraft an exhaustion requirement upon § 1983, but rather den[ied] the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*.; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) (holding that "*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion"). Hence, Jupiter's double jeopardy claim is not cognizable in this 42 U.S.C. § 1983 action at this time and is subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     The plaintiff's claims against Judge Truman M. Hobbs and District Attorney Daryl Bailey seeking relief for actions which occurred during state criminal proceedings before the Circuit Court of Montgomery County, Alabama related to his conviction and sentence for second degree rape be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2.     The plaintiff's double jeopardy claim challenging the validity of his second degree rape conviction and resulting sentence imposed upon him by the Circuit Court of Montgomery County, Alabama be dismissed without prejudice in accordance with the

directives of 28 U.S.C. § 1915(e)(2)(B)(ii) because this claim is not properly before the court in the instant cause of action.

3. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

The plaintiff may file objections to the instant recommendation on or before **March 5, 2019**. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation. The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of February, 2019.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE